IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARYLAND CASUALTY COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 06-233-CV-W-FJG |
| JAMES W. JONES, TURF DESIGNERS LAWN AND LANDSCAPE, LLC, BEN A. SIMPSON, and FREDERICK JOSEPH LEONARD, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Currently pending before the Court is plaintiff's Motion for Entry of Default against James W. Jones, Turf Designers Lawn and Landscape, LLC and Ben Simpson (Doc. # 13); Frederick Leonard's Motion for an Extension of Time to Answer (Doc. # 17); plaintiff's Motion for Default Judgment as to Defendant Leonard (Doc. # 18); Defendant Jones' Motion for Leave to File Answer Out of Time (Doc. # 22) and Defendant Leonard's Motion to Dismiss or Remand (Doc. # 27).

### I. BACKGROUND

On March 17, 2006, Plaintiff Maryland Casualty Company filed a Declaratory Judgment Action. Maryland Casualty sought a declaration of its obligations under a policy of insurance issued to defendant Turf Designers. Maryland Casualty is seeking a declaration that it owes no duty to defend or indemnify defendant Jones in a lawsuit captioned *Leonard v. Jones, et al.*, Case No. 0516-CV26885, currently pending in the

Circuit Court of Jackson County, Missouri (the "Underlying Lawsuit"), or for any claims asserted by or on behalf of Leonard for injuries to, or the death of, Sabrina Leonard in an accident that occurred on June 6, 2004.

Maryland Casualty Company obtained personal service on James W. Jones on August 24, 2006, obtained service on Ben Simpson on August 29, 2006 and on Turf Designers on September 23, 2006. None of these defendants filed an Answer within the time required. Plaintiff thereafter filed a Motion for Entry of Default. On November 17, 2006, defendant Leonard filed a Motion for Extension of Time to Answer. On December 4, 2006, the Court issued an Order to Show Cause to defendants Jones, Simpson and Turf Designers. The deadline for the defendants to respond to the Order to Show Cause was December 15, 2006. On December 15, 2006, plaintiff and defendants Simpson and Turf Designers filed a Joint Motion requesting that the Court enter a Consent Judgment in favor of Maryland Casualty and against Simpson and Turf Designers (Doc. # 29). On December 5, 2006, defendant Jones filed a Motion for Extension of Time to Answer (Doc. # 22). Defendant Leonard has also filed a Motion to Dismiss or Remand arguing that the jurisdictional amount in controversy has not been met.

## II. DISCUSSION

As both defendants Leonard and Jones filed Motions for Extension of Time to Answer plaintiff's Complaint before the expiration of the deadline for responding to the Order to Show Cause, the Court will **GRANT** those motions for an extension of time (Docs. # 17, 22). As defendant Jones is proceeding pro se, the Clerk of the Court is

2

hereby directed to file his proposed Answer which was attached to his Motion for Extension of Time as of the date of this Order. The Court also **DENIES** plaintiff's Motion for Default Judgment as to Defendant Leonard (Doc. # 18).

As plaintiff and defendants Simpson and Turf Designers have jointly moved to have the Court enter a Consent Judgment, the Court hereby **DENIES** plaintiff's Motion for Default Judgment as to defendants Jones, Simpson and Turf Designers (Doc. # 13).

Defendant Leonard also filed a Motion to Dismiss or Remand to State Court (Doc. # 27). Initially, the Court would note that the Court cannot remand this case to state court because it was not removed from state court. Rather, plaintiff initiated the case in federal court. Defendant Leonard alternatively argues that the case should be dismissed because no party in the underlying action has stipulated that the amount in controversy is in excess of $75,000.00.

Plaintiff invoked this Court's jurisdiction pursuant to 28 U.S.C. § 2201, *et seq.*, the Declaratory Judgment Act and also 28 U.S.C. § 1391 because complete diversity exists between the parties, and Maryland Casualty reasonably believes that the claims alleged by defendant Leonard in the Underlying Lawsuit exceed $75,000. Maryland Casualty states that the policy which is at issue in this case has a liability limit in the amount of $1 million dollars. Maryland Casualty states that it is seeking an Order that it does not have a duty to defend or indemnify defendant Jones, up to the $1 million limit of liability. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977). In this

3

case, the Court finds that the object of the litigation is the lifetime benefit of the policy which is $1 million dollars. In Barber v. Caffarello, No. 8:07CV52, 2007 WL 496392 (D.Neb. Feb. 12, 2007), the Court stated:

> An action founded on diversity jurisdiction must be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir.2002). Put another way, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Id. at 885.

Id. at *2.

In the instant case the Court finds that a fact finder could legally conclude that the amount in controversy exceeds $75,000.00. Accordingly, the Court hereby **DENIES** defendant Leonard's Motion to Dismiss or Remand (Doc. # 27).

### III. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** plaintiff's Motion for Entry of Default against James W. Jones, Turf Designers Lawn and Landscape, LLC and Ben Simpson (Doc. # 13); **GRANTS** Frederick Leonard's Motion for an Extension of Time to Answer (Doc. # 17); **DENIES** plaintiff's Motion for Default Judgment as to Defendant Leonard (Doc. # 18); **GRANTS** Defendant Jones' Motion for Leave to File Answer Out of Time (Doc. # 22) and **DENIES** Defendant Leonard's Motion to Dismiss or Remand (Doc. # 27).

Date: 2/27/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge