# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARYLAND CASUALTY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAMES W. JONES, TURF DESIGNERS )<br>LAWN AND LANDSCAPE, LLC, BEN A. )<br>SIMPSON, and FREDERICK JOSEPH )<br>LEONARD, )<br>)<br>Defendants. )<br>) | No. 06-233-CV-W-FJG |

## ORDER

Currently pending before the Court is plaintiff Maryland Casualty Company ("Maryland's"), Motion for Summary Judgment against defendants Leonard and Jones (Doc. # 58) and Maryland's Motion for Extension of Time for Pre-Trial Filings (Doc. # 61).

### I. BACKGROUND

Maryland is an insurance company with its principal place of business in Illinois. Defendant James W. Jones is a resident of Missouri. In June 2004, Jones was a part-time seasonal employee of Turf Designers. Turf Designers Lawn & Landscape, LLC is owned by Ben Simpson. Defendant Frederick Joseph Leonard is a resident of Missouri. Defendant Leonard is the father of Sabrina Leonard.

Maryland seeks a declaration that defendant Jones was not an insured as defined in a policy of insurance issued by Maryland to Turf Designers. The policy

provided liability limits of $1 million for any auto owned by the named insured subject to all other terms of the policy. The policy stated that Maryland would

> pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto."

(Insurance Policy § II.A).

The policy defined an "insured" as:

> [a]nyone else [besides Turf Designers, the named insured] while using with [Turf Designers'] permission a covered "auto" you own, hire, or borrow except [certain excluded individuals.].

(Insurance Policy § II.A.1.b). Maryland states that Jones would have qualified as an insured under the policy only if he was using the truck with Turf Designer's permission.

Turf Designers owned a number of vehicles, including a 1985 GMC Truck. On the day of the accident, Jones requested permission to use the 1985 GMC truck. Simpson denied Jones permission to use the vehicle. No one else at Turf Designers could have given Jones permission to use the vehicle. On June 6, 2004, Jones took the vehicle after hours, without permission. At some point in time, he picked up passengers, including Sabrina Leonard. Later that evening, Jones was involved in an accident which resulted in the death of Sabrina Leonard. This lead to a wrongful death lawsuit filed against Turf Designers and Jones in state court. Defendant Leonard, who was the plaintiff in the state court wrongful death action, reached a settlement with Simpson and Turf Designers. As part of the settlement, Leonard has entered into a Stipulation of Facts with Maryland. Maryland and Leonard have been unable to locate Jones to obtain his signature on the Stipulation of Facts. Maryland has now filed the

2

instant Motion for Summary Judgment and served it upon Jones at his last known address. Jones did not file a response to the Motion. Defendant Leonard does not oppose the Motion for Summary Judgment.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

Maryland states that the interpretation of a contractual provision in an insurance policy is a question of law for the Court. Maryland argues that it has no obligation to indemnify, nor defend unless such duties are provided in the Policy. Such duties are provided for in the policy only to insureds. Maryland states that in order to be considered an insured, Jones needed to have permission to drive the GMC truck. Maryland states that the evidence is undisputed that Jones was not driving the truck with the permission of Turf Designers at the time of the accident. Maryland attached the Stipulation of Ben Simpson in which he states, "[o]n the day of the accident, Jones requested permission to use Turf Designers' 1985 GMC truck VIN # 1GTGC23W1FS500666. I refused that permission. I reported the GMC as stolen to the Lee's Summit Police. Turf Designers keeps keys to company vehicles in a box in the office. Jones could have taken the keys from that box, but I did not give them to him. No one else at Turf Designers besides myself could have given Jones permission to use the GMC. Turf Designers had at the time a policy prohibiting personal use of company vehicles by employees." (Affidavit of Simpson, ¶¶ 4-8). Maryland argues that no duty arose to Jones because he was not an insured under the policy. Thus, Maryland asks the Court for a determination that it owes no duty to defend or indemnify Jones for the claims asserted against him arising out of or relating to the June 6, 2004 accident since he was not driving the GMC truck with the permission of the named insured.

The Court finds that the policy language clearly defines who is an "insured." The policy defines an insured as "[a]nyone else while using with your permission a covered

4

Case 4:06-cv-00233-FJG   Document 62   Filed 01/15/08   Page 4 of 5

"auto" you own, hire or borrow . . ." The Court also finds that the facts are undisputed that Jones used the GMC without the permission of Turf Designers. Thus, the Court determines that Jones was not an insured under the policy and Maryland owes no duty to defend or indemnify Jones for any claims made against him as a result of the June 6, 2004 accident and/or the alleged wrongful death of Sabrina Leonard.

### III. CONCLUSION

For the reasons stated above the Court hereby **GRANTS** Maryland's Motion for Summary Judgment (Doc. # 58) and **DENIES** as **MOOT** Maryland's Motion for Extension of Time for Pretrial Filings (Doc. # 61).


Date: 1/15/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge